UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| JACQUES BRUCE VICTOR MATHEWS,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, COUNTY OF CODINGTON, THIRD JUDICIAL CIRCUIT,<br><br>Respondent. | 1:26-CV-01023-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2018 sentence in South Dakota Circuit Court, Third Judicial Circuit, Codington County, for unauthorized ingestion of methamphetamines, 14CRI16-000694.

I have conducted an initial consideration of the petition, as required by Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

I take judicial notice of the records of the South Dakota Unified Judicial System, available on the ecourts system. Petitioner did not file a direct appeal of the conviction or sentence. He did not file a state court habeas petition. Petitioner is no longer in custody and is no longer on probation arising out of that conviction.

Federal habeas corpus relief under § 2254 is limited to persons who are in custody pursuant to a judgment of a State court. 28 U.S.C. § 2254(a). Petitioner is no longer in custody and no longer faces a custodial disposition arising out of the conviction he challenges. The district court lacks jurisdiction over the petition. Maleng v. Cook, 490 U.S. 488, 490, 109 S. Ct. 1923, 1925, 104 L. Ed. 2d 540 (1989).

In any event, the petition is untimely. Petitions for a writ of habeas corpus are subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, federal court habeas

petitions "under 28 U.S.C. § 2254 are governed by 28 U.S.C. § 2244 and are 'tightly constrained by the provisions of AEDPA.'" Rhodes v. Smith, 950 F.3d 1032, 1035 (8th Cir. 2020) (*quoting* Case v. Hatch, 731 F.3d 1015, 1026 (10th Cir. 2013)).

The AEDPA provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period of limitations begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, § 2244(d)(1)(A), unless petitioner can show that one of the exceptions set forth in §§ 2244(d)(1)(B), (C) or (D) apply in this case. Petitioner has not alleged any exception to the limitations period. The conviction petitioner challenges occurred on August 29, 2018. The current petition was filed well over seven years beyond the statute of limitations.

Now, therefore,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2254 petition. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 12th day of November, 2026.

BY THE COURT:

Charles B. Kornmann

CHARLES B. KORNMANN
United States District Judge